Rose, J.
(concurring in part and dissenting in part). I disagree with the majority’s conclusion that the People established the existence of emergency circumstances justifying the warrantless *1323 entry into defendant’s apartment and, therefore, respectfully dissent from that part of the decision.
Warrantless searches and seizures within the privacy of the home are presumptively unreasonable, and the People bear the burden of establishing that the police conduct at issue falls within a carefully circumscribed exception to the warrant requirement (see Payton v New York, 445 US 573, 586 [1980]; Vale v Louisiana, 399 US 30, 34 [1970]; People v Knapp, 52 NY2d 689, 694 [1981]). In my view, once defendant was in custody, the record discloses no reasonable grounds to believe that an emergency was at hand justifying a warrantless entry into his apartment. Testimony at the suppression hearing established that at approximately 9:00 p.m., the police received a 911 report of a person pointing a gun at the caller. Upon arrival at the scene minutes later, the police observed a multifamily house with a main, front porch entrance as well as a separate, smaller porch and door on the right side of the building. They learned that there were two victims, both taxicab drivers, and that the male with the gun had gone into his right-side apartment door. The victims were removed to a safe distance from the residence and, shortly after the police aimed their spotlights at the house, defendant emerged from the right-side apartment door, leaving the door open and the lights off inside. Defendant complied with the officers’ directions to lay down on the ground outside the house, he was handcuffed and searched, but no weapon was found. The police officer who handcuffed defendant asked him if anyone else was inside the apartment, and defendant said no. That police officer then directed another officer to enter the darkened apartment in order to determine if anyone else was inside.
This evidence discloses no objective facts upon which to base a reasonable belief that any additional victims or suspects were in the apartment (see People v Fields, 45 NY2d 986, 988 [1978]; People v Mormon, 100 AD3d 782, 783 [2012], lv denied 20 NY3d 1102 [2013]; People v Thomas, 72 AD2d 910, 912 [1979]). The officers were aware of one male suspect and two victims, all of whom were accounted for at the time of entry. Indeed, the officer who took defendant into custody and directed the second officer to enter the apartment testified that defendant was being detained as a suspect and that he did not have any information that there was someone else in the apartment. Under these circumstances, I cannot conclude that the People have identified any objective facts supporting a conclusion that there was an emergency situation requiring their assistance inside the apartment (see People v Harper, 100 AD3d 772, 773-774 [2012], lv *1324 denied 21 NY3d 943 [2013]; People v Liggins, 64 AD3d 1213, 1215-1216 [2009], appeal dismissed 16 NY3d 748 [2011]; People v Durden, 119 AD2d 766, 767 [1986]; compare People v Paulino, 216 AD2d 238, 238 [1995], lv denied 87 NY2d 849 [1995] [police had reasonable belief that someone inside apartment was in need of assistance when they heard “loud screams” coming from apartment]).
Although the majority relies on the fact that the officer who entered the apartment testified that he saw people moving in the windows on the second floor of this multifamily house and he did not know if they could access defendant’s apartment, that officer cited no basis to believe that the second-floor residents were in danger, posed any imminent threat or were anything other than innocent residents of the upstairs apartments. In order to conduct a “protective sweep,” there must be “ ‘articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene’ ” (People v Bost, 264 AD2d 425, 426 [1999], quoting Maryland v Buie, 494 US 325, 334 [1990]). Speculation that someone élse may be in the apartment and might pose a threat is an insufficient basis on which to justify a protective sweep (see People v Coles, 105 AD3d 1360, 1363 [2013]; People v Harper, 100 AD3d at 774; People v Bost, 264 AD2d at 426; see also United States v Carter, 360 F3d 1235, 1242-1243 [10th Cir 2004] [police cannot infer danger from the fact that a dwelling is occupied]; United States v Kinney, 638 F2d 941, 944 [6th Cir 1981], cert denied 452 US 918 [1981] [same]).
Further, although no weapon was found on defendant, and it was reasonable to assume that it was in the apartment, “[t]he mere fact that police have information that a weapon is located within a suspect’s apartment . . . does not justify a warrantless entry” (People v Lott, 102 AD2d 506, 509 [1984], citing Matter of Kwok T., 43 NY2d 213, 220-221 [1977]; see People v Coles, 105 AD3d at 1363; compare People v Adams, 236 AD2d 293, 293 [1997], lv denied 90 NY2d 854 [1997] [warrantless entry was justified where police officers observed children in the apartment and reasonably believed that the defendant had left a loaded pistol there]; People v Gayle, 79 AD2d 717, 717 [1980], affd 58 NY2d 636 [1982], cert denied 460 US 1088 [1983] [warrantless entry was justified where police had actual knowledge of presence of second robbery suspect in a motel room with a sawed-off shotgun]). As additional factors, County Court noted that defendant lived on a busy street near a school and a day *1325 care facility, but these cannot give rise to an emergency in the absence of any reasonable basis to believe that someone was in the apartment who posed an immediate danger.[4]
Inasmuch as my view of the evidence leads to the conclusion that the People failed to establish the existence of an emergency justifying the warrantless entry into defendant’s apartment, I respectfully dissent from that part of the majority decision. I otherwise concur with the majority’s remaining conclusions.
Ordered that the judgment is affirmed.

. County Court also concluded that defendant consented to the search, but defendant was clearly in custody at the time and the People—correctly—do not rely on the alleged consent as justification for the warrantless entry (see generally People v Gonzalez, 39 NY2d 122, 128-130 [1976]).